IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| V. | § | |
| | § | No. 3:16-cr-240-B (3) |
| ADETUTU ETTI, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

### Background

Defendant Adetutu Etti has been found guilty by a jury of one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1347) and two counts of False Statements in Health Care Matters in violation of 18 U.S.C. § 1035 and 2. *See* Dkt. No. 253 at 1-2. Under 18 U.S.C. § 3143(a)(1), United States District Judge Jane J. Boyle remanded Defendant to the custody of the United States Marshals immediately after the reading of the jury's verdict but stated that Defendant could file a motion for immediate referral to a magistrate judge on the issue of whether clear and convincing evidence exits that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142 (b) or (c).

Defendant has filed an Emergency Motion for Release Pending Sentencing, in which she explains:

> 1. Ms. Etti was initially indicted for conspiracy to commit healthcare fraud on June 7, 2016. She entered an initial appearance on June 21, 2016.

-1-

2. On June 23, 2016, United States Magistrate Judge David L Horan issued an order setting the conditions of pretrial release. [Dkt. 036]. In addition to the general requirements, Ms. Etti was ordered (among other requirements) to submit to supervision by and report for supervision to the Supervising Officer with the United States Probation, to limit her travel to the Norther District of Texas, surrender her passport, and refrain from involvement in any business involved in billing Medicaid or Medicare.

3. Ms. Etti has remained compliant with every single one of her conditions of pretrial release while awaiting her trial, which concluded today.

4. Today, October 30, 2018, Ms. Etti was found guilty of the charges in the Second Superseding Indictment.

5. Judge Boyle ordered Ms. Etti remanded to the custody of the United States Marshals immediately after the reading of the jury's verdict.

6. Judge Boyle noted, however, that Ms. Etti could file a Motion for immediate referral to a Magistrate Judge on the issue of whether clear and convincing evidence exits that Ms. Etti is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142 (b) or (c).

....

Pursuant to 18 U.S.C. § 3143(a)(1), detention is not required if clear and convincing evidence exists that the defendant is not likely to fell or pose a danger to the safety of any other person or the community if released under § 3132 (b) or (c). No additional factors are required to be considered. Cf. 18 U.S.C. 3143(a)(2) (adding additional considerations for certain offenses not applicable here).

Here, Ms. Etti is not a flight risk nor does she pose a danger to the safety of any other person or the community if released on her personal recognizance or other reasonable conditions consistent with those already in place for the past two and half years for Ms. Etti.

As an initial matter, Ms. Etti suffers from several serious health condition. She was diagnosed with breast cancer in 2016, had a lumpectomy and partial masectomy in 2017, has heart and respiratory problems, high blood pressure, and is blind in one eye. She is still on medication related to her cancer treatment and diagnosis. Ms. Etti needs to be in the care of her doctor and with her loved ones until sentencing.

Additionally, Ms. Etti has no criminal history and been fully compliant with all of the conditions of her pretrial release. Further, Ms. Etti's American and Nigerian passports are in the custody of the clerk's office. She has less than $2,000 in her bank accounts. She has been a Dallas resident for over 30 years, and her immediate family, including her daughters, her grandson, and her elderly mother all live in Dallas.

> She is responsible for taking care of her elderly mother and grandson.
>     Finally, while under indictment, Ms. Etti has also had several proffer sessions with the Government, including a reverse proffer where the Government laid out its case in full. Nevertheless, she has never made any attempt to flee or not face her consequences.
> ....
>     For the reasons set forth herein, and in the interests of justice, Ms. Etti moves that she be released from custody while awaiting sentencing. Ms. Etti prays for such relief immediately upon the filing of this motion. In the alternative, Ms. Etti requests an emergency hearing as soon as practicable so she may be heard on the issues pursuant to 18 U.S.C. § 3143(a)(1).

Dkt. No. 255 at 1-3.

Judge Boyle referred this motion to the undersigned magistrate judge for hearing, if necessary, and determination. *See* Dkt. No. 257.

Defendant is now set for sentencing before Judge Boyle on March 14, 2019. *See* Dkt. No. 261.

The government opposes release pending sentencing. *See* Dkt. No.

The Court held a hearing on the motion on November 1, 2018, at which Defendant appeared in person and through counsel and the government's counsel appeared. *See* Dkt. Nos. 258 & 265.

**Legal Standards**

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or

appeal." FED. R. CRIM. P. 46(c). "A convicted defendant has no constitutional right to bail. Thus, as the parties acknowledge, any putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citations and internal quotation marks omitted).

Release of "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" pursuant to Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

Absent such a finding – which requires the defendant's release under 18 U.S.C. § 3142(b) or (c) – the convicted defendant "shall ... be detained" while "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a)(1) ("Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty

-4-

of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."); *accord United States v. Abdallah*, No. 01-11219, 281 F.3d 1279 (table), 2001 WL 1692455, at *1 (5th Cir. Nov. 26, 2001).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013). And another Court of Appeals has explained that "18 U.S.C. § 3143(a)(1) creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance," and that "[o]nly if a defendant clears these high procedural hurdles is he entitled to release pending sentencing." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004).

"Among factors the district court should consider in determining whether to grant a convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release." *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996) (citing *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988)).

## Analysis

As the government correctly notes, courts routinely discount compliance with pretrial release conditions when deciding on presentencing release because "'[s]omething has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction. His [or her] legal status has changed, increasing his [or her] incentive to flee.'" *United States v. Adenuga*, No. 3:12-cr-313-P, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014) (quoting *United States v. Jinwright*, No. 3:09-cr-67-W, 2010 WL 2926084 (W.D.N.C. July 23, 2010)). "This change in legal status removes the possibility that the defendant might avoid criminal punishment – subject to appeal – which increases his incentive to flee." *United States v. Patel*, No. CR 13-286, 2016 WL 80566, at *2 (E.D. La. Jan. 7, 2016) (citing *United States v. Garcia Garcia*, 727 F. Supp. 318, 320 (N.D. Tex. 1989), as "concluding that once a defendant has been convicted '[t]he hope for leniency or victory at trial no longer exists to counterbalance the incentive to avoid criminal punishment by fleeing the jurisdiction'").

The fact, then, that Defendant complied with the terms of her pretrial release does not, in and of itself, clearly and convincingly show that Defendant is not a flight risk post-conviction, even though Defendant has appeared for court and remained

compliant on release.

And proving by clear and convincing evidence that she is not likely to flee or pose a danger to the community if released, after having been convicted, is a heavy burden, but, for the reasons that the Court explained at the hearing, it is a burden that the Court finds that Defendant has met it. Although Defendant has ties to Nigeria and engaged in relatively recent travel to Nigeria and apparently could, as the government explains, apply for a Nigerian passport in the United States, after having surrendered her existing Nigerian passport, the Court finds from the proffers of evidence that Defendant has a strong incentive to remain here to continue her ongoing medical care, and there is no evidence that Defendant has engaged in continued health care fraud since being arrested and released in this case.

In short, for the reasons explained at the hearing, the Court finds that Defendant has shown by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c), and, more specifically, her existing conditions of release set by the Court's June 23, 2016 Order Setting Conditions of Release [Dkt. No. 36], with the additional conditions that Defendant must submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided and that Defendant is subject to the location restriction program – and must comply with its requirements as directed – of home incarceration, under which she is restricted to 24-hour-a-day lock-down at her residence except for medical necessities and medical appointments, attorney visits, and

court appearances, and any other activities that may later be specifically approved in advance by the court.

## Conclusion

For these reasons, the Court GRANTS Defendant Adetutu Etti's Emergency Motion for Release Pending Sentencing [Dkt. No. 255].

SO ORDERED.

DATED: November 1, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE