UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:16-CR-0240-B-3 |
| | § | |
| ADETUTU ETTI, | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Adetutu Etti's Motion for Compassionate Release (Doc. 501).

For the reasons set forth below, the Court **DENIES** Etti's compassionate-release motion **WITHOUT**

**PREJUDICE**.

I.

BACKGROUND

After Etti was convicted by a jury on one count of conspiracy to commit health care fraud

and two counts of making false statements in health care matters, the Court sentenced her to 85

months of imprisonment and two years of supervised release. Doc. 367, J., 1–3. Etti, who is now sixty-

three years old, is serving her sentence at Carswell Federal Medical Center (FMC). She is scheduled

to be released in May 2025.[1] As of August 20, 2021, Carswell FMC reports two active and 628

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available
at https://www.bop.gov/inmateloc/ (last accessed August 20, 2021).

recovered cases of COVID-19 among its inmates.[2] On August 11, 2021, Etti filed the pending

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 501, Def.'s Mot., 1. The

Court reviews Etti's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been

imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of

2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies,

may reduce or modify a term of imprisonment, probation, or supervised release after considering the

factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"

*United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting

§ 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.     *Etti Is Not Entitled to Appointment of Counsel.*

The Court denies Moser's request for appointment of counsel. Courts in this district have

noted that the First Step Act does not provide for the appointment of counsel for those seeking relief

under § 3582(c)(1)(A), and the Fifth Circuit has not addressed the issue. *E.g.*, *United States v.

Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020); *United States v. Dirks*, 2020 WL

3574648, at *2 (N.D. Tex. June 30, 2020). However, the Fifth Circuit has found that "a defendant

---

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed August 20, 2021).

does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel)).

These "holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *Dirks*, 2020 WL 3574648, at *2. Moreover, there is no constitutional right to counsel for post-conviction relief after the defendant's first direct appeal. *Whitebird*, 55 F.3d at 1011; *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012).

Accordingly, the Court holds that Etti is not entitled to appointment of counsel in her compassionate-release proceedings.

B.     *Etti Has Not Demonstrated Proof of Exhaustion.*

Etti's request for compassionate release is denied because she has not proved that she satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

In support of her motion, Etti supplies at least two requests for compassionate release that she

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

submitted to the warden and that the warden denied. *See* Doc. 501, Def.'s Mot., 52, 55. The most recent of these requests was received by the warden and denied in July 2020. Though thirty days have certainly passed since the warden received Etti's requests for compassionate release, the Court nonetheless finds that she has not satisfied the exhaustion requirement. Indeed, more than one year has passed since the warden denied Etti's request, and in that time, the prison's circumstances and Etti's circumstances have undoubtedly changed. And proof of compliance with § 3582's exhaustion requirement ensures that the BOP has the first opportunity to assess the merits of a defendant's request. *See, e.g.*, *United States v. Moser*, 2020 WL 765998, at *2 (N.D. Tex. Dec. 24, 2020). But the BOP is deprived of that opportunity when a defendant's circumstances have changed since she first requested compassionate release. *See id.*; *United States v. Garcia*, 2021 WL 347574, at *2 (N.D. Tex. Feb. 2, 2021). "Because [Etti] premises her compassionate-release motion on a stale request to the warden, the Court finds that she has not satisfied the exhaustion requirement of § 3582." *Garcia*, 2021 WL 347574, at *2.

C.    *Etti Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of Etti's failure to exhaust her administrative remedies, she has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and  directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. Apr. 7, 2021)

(citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at \*1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit has held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary informs the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at \*4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding). Applying its discretion, the Court concludes that Etti has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

As a preliminary matter, the Court notes that to the extent Etti raises concerns about the conditions at Carswell FMC, those concerns do not give rise to extraordinary and compelling circumstances. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But Carswell FCI's statistics—628 recovered cases and two active cases of COVID-19—do not suggest a severe outbreak. Further, generalized concerns about the spread of COVID-19 at Etti's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Regarding Etti's individual circumstances, Etti states that she has a "history of Breast cancer, High blood pressure, Asthma, Obesity, Kidney disease, Post Dialysis[, and] Shortness of Breath[.]" Doc. 501, Def.'s Mot., 19. Etti submits medical records that substantiate these alleged health conditions. Doc. 501-1, Def.'s App., 3–4.[5] Nonetheless, the Court does not find Etti's alleged conditions rise to the level of extraordinary and compelling. As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558.

And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or "suffering from a serious . . . condition, . . .

---

[5] Although, the Court notes, Etti's medical records indicate that her breast cancer is in remission. Doc. 501-1, Def.'s App., 26.

impairment, or . . . deteriorating physical or mental health because of the aging process."
§ 1B1.13(1)(A) cmt. n.1(A).

While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency.

And Etti has not shown that her conditions involve necessity and urgency such that compassionate release is warranted. Indeed, Etti relies heavily on the fact that the COVID-19 virus is "out of control" at Carswell FMC. Doc. 501, Def.'s Mot., 40. But, as noted above, the BOP's published statistics suggest otherwise. And Etti's medical conditions in themselves do not involve the level of necessity and urgency that the Court requires. To the contrary, the voluminous medical records Etti has supplied demonstrate that Etti is receiving proper care to manage her conditions. Moreover, Etti has submitted paperwork suggesting that she has been offered a COVID-19 vaccine. *Id.* at 122–27. But Etti's medical records do not indicate whether or not Etti received a vaccine. If Etti received a COVID-19 vaccine, such a fact would undermine her argument that she is susceptible to severe infection as a result of COVID-19. *See United States v. Isidoehomen*, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021). But if, on the other hand, she has refused the vaccine, such a fact would likewise cut against her request. *United States v. Norman*, 2021 WL 3406729, at *4 (N.D. Tex. Aug. 4, 2021) (citations omitted).

In any event, Etti's circumstances do not rise to the level of extraordinary and compelling, and the Court denies Etti's motion for compassionate release on this basis.

IV.

CONCLUSION

Etti's request for appointment of counsel is **DENIED** because she is not entitled to counsel at this stage of the proceedings. Moreover, her request for compassionate release under § 3582(c)(1)(A) fails because she has not proved exhaustion of her administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Etti's motion (Doc. 501) **WITHOUT PREJUDICE**.

By denying Etti's motion without prejudice, the Court permits Etti to file a subsequent motion for compassionate release in the event she can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Etti fails to prove exhaustion of her administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

SO ORDERED.

SIGNED: August 20, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT